IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY TAD SMITH,

    Plaintiff,

v.                                                                    CASE NO. 5:16-cv-311-MP-GRJ

OFFICER T. CARROLL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Wakulla CI, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, and seeks leave to proceed as a pauper. ECF Nos. 1, 2. This case is before the Court for screening of the Complaint. As discussed below, the Complaint suffers from several procedural defects. In addition, for the following reasons, the undersigned recommends that this case be dismissed for abuse of the judicial process.

The Complaint stems from events that occurred while Plaintiff was confined at Gulf CI. Plaintiff recites a litany of incidents from November 2013 through June 2014, when he alleges he was wrongfully deprived of various items of personal property by prison officers. Plaintiff names 12

Gulf CI officers as Defendants, as well as the Secretary of the DOC, the prison itself, and the Florida Department of Insurance. Plaintiff asserts claims under the Fourth, Fourteenth, and Eighth Amendments for the harassment and deprivation of property, and seeks compensatory and punitive damages. ECF No. 1.

The Complaint, including exhibits, totals 63 pages in length. Florida Northern District Local Rule 5.7(B) states that a complaint, together with any separate memorandum, must not exceed 25 pages unless the Court authorizes it. The Court has not granted Plaintiff permission to file excess pages, and Plaintiff has not shown good cause to exceed the page limit.

Further, Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there *must* be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate. *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008). In this case, Plaintiff's factual allegations do not establish that his claims

against the individual defendants are sufficiently related such that they should be joined in one complaint.

In addition, "[i]t is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation." *Edler v. Gielow,* 2010 WL 3958014, at *3 (N.D. Fla. 2010) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1984), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986); *Rodriguez-Mora v. Baker*, 792 F. 2d 1524, 1527 (11th Cir. 1986). Remedies exist in FDOC inmate grievance procedures to contest misplaced or mishandled property and Plaintiff has state court remedies through Florida tort law (Fla. Stat. § 768.28). Accordingly, Plaintiff cannot maintain a § 1983 claim based on the alleged deprivation of his personal property in violation of due process requirements. The 4th Amendment is inapplicable in the context of prison cell and locker searches. *Padgett v. Burney*, 401 F. 3rd 1273, 1278 (11th Cir. 2005) (citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)). Although Plaintiff refers to the 8th amendment in connection with his claim, even liberally construed

there are no allegations suggesting that the deprivation of the personal property identified in the Complaint amounts to cruel or unusual punishment such that the 8th amendment is implicated in any way.

Under typical circumstances, the Court would afford Plaintiff an opportunity to file an Amended Complaint to correct the foregoing defects. However, Plaintiff should not be afforded such an opportunity in this case. Plaintiff executed the complaint under penalty of perjury. ECF No. 1 at 30. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." ECF No. 1 at 6-8 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE

UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed one prior state case and no prior federal cases.  See ECF No. 1 at 6-8.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn representations in the Complaint, Plaintiff filed at least one other prior federal case that he was required to disclose: *Smith v. Tucker*, Case No. 14-cv-2579-T-17AEP (4/28/15) (denying habeas corpus petition).  The Court has confirmed that the Petitioner in that case was the same as the Plaintiff in the instant case, having DOC inmate number U47620.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  Plaintiff cannot plausibly claim that he was unaware of the existence of the undisclosed case because it was filed and resolved recently.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the

judicial process.

**IN CHAMBERS** this 21st day of November 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**